# WILLKIE FARR & GALLAGHER LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

April 2, 2024

**VIA ECF AND EMAIL**

The Honorable Denise L. Cote
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

Re:  *VR Global Partners, L.P. v. Petróleos de Venezuela S.A., et al.*, 23-cv-5604 (DLC)—
Letter Brief Pursuant to the Court's March 26, 2024 Order

Dear Judge Cote:

Pursuant to the Court's March 26, 2024 Order (ECF No. 44), Defendants Petróleos de Venezuela, S.A., PDVSA Petróleo, S.A., and PDV Holding, Inc. (collectively, the "PDVSA Parties") respectfully submit this letter brief to address the impact of the New York Court of Appeals' recent decision in *Petróleos de Venezuela S.A. v. MUFG Union Bank, N.A.*, No. 6, 2024 WL 674251 (N.Y. Feb. 20, 2024), on this litigation and the PDVSA Parties' pending motion to dismiss.  The decision—which adopts the PDVSA Parties' position that the validity of the 2020 Notes "requires analysis of Article 150 and related provisions of the Venezuelan Constitution," 2024 WL 674251, at *6—is fatal to Plaintiff VR Global Partners, L.P.'s groundless claim that the PDVSA Parties' legal challenge was "frivolous."  Moreover, the New York Court of Appeals' holding that the 2020 Notes' validity is governed not by New York law, but by the foreign law of Venezuela, "the local law of the issuer's jurisdiction," *id*. at *7, supports the PDVSA Parties' argument that the asserted claims are "predominantly foreign" and so are barred under *Morrison v. National Australia Bank Ltd.*, 561 U.S. 247 (2010).  *See* ECF No. 40 ("Mot.") at 8-13; No. 43 ("Reply") at 1-3.

On October 29, 2019, the PDVSA Parties brought the Declaratory Judgment Action, seeking a judgment declaring the 2020 Notes invalid because they were issued without the National Assembly's approval, in contravention of Article 150 of the Venezuelan Constitution.  *See Petróleos de Venezuela S.A. v. MUFG Union Bank, N.A.*, 495 F. Supp. 3d 257, 266-67 (S.D.N.Y. 2020).  The district court disagreed, finding that New York law governs the question of the 2020 Notes' validity.  *Id*. at 283-91.  On appeal, the Second Circuit certified to the New York Court of Appeals the question of whether New York's choice-of-law principles, including UCC § 8-110(a)(1), mandated that the 2020 Notes' validity be determined under Venezuelan law.  *Petróleos de Venezuela S.A. v. MUFG Union Bank, N.A.*, 51 F.4th 456, 475-76 (2d Cir. 2022).

BRUSSELS  CHICAGO  FRANKFURT  HOUSTON  LONDON  LOS ANGELES  MILAN
MUNICH  NEW YORK  PALO ALTO  PARIS  ROME  SAN FRANCISCO  WASHINGTON

In answering the certified question, the New York Court of Appeals held that "[m]atters going to the 'validity of [the] security' at issue here, that is the 2020 Notes, are governed by the law of Venezuela—i.e., 'the local law of the issuer's jurisdiction' under UCC § 8-110(a)(1)." 2024 WL 674251, at *4. The Court explained that the question of a security's validity "implicates constitutional provisions of the issuer's jurisdiction that speak to whether a security is duly authorized." *Id.* at *8. Applying that principle, the Court reasoned that "Article 150 [of Venezuela's Constitution] and its related constitutional provisions" could render the 2020 Notes invalid because "they speak to whether an entity has the power or authority to issue a security, and relatedly what *procedures* are required to exercise such authority." *Id.* at *6, *8 (citing UCC § 8-202, Official Comment 3). Specifically, the Court observed that "Article 150 requires 'approval of the National Assembly' before certain 'national public interest contract[s]' 'shall be executed,'" and that "'[i]t is the role of the National Assembly to . . . [a]uthorize' such contracts." *Id.* at *8.

The New York Court of Appeals' decision is relevant to this case in two respects, and nothing in the decision affects the other, independent bases on which VR Global's complaint must be dismissed. Mot. 13-30.

*First*, the decision is fatal to VR Global's claims in Counts I, II, and III that the PDVSA Parties have "pursued frivolous legal strategy," Am. Compl. ¶ 106, or advanced "frivolous legal arguments," *id.* ¶¶ 12, 116; *see also* ECF No. 42 at 2, 3, 7-8. New York's highest court has now expressly agreed with these legal arguments, holding that the 2020 Notes' validity must be resolved under "Article 150 and related provisions of the Venezuelan Constitution." 2024 WL 674251, at *6. The Court explained that these constitutional provisions "address the procedural requirements and approvals necessary for—and present a discrete limitation on—the authority of certain [Venezuelan] public entities to enter into 'national public interest contracts'" (such as the Exchange Offer at issue), and therefore "may affect validity [of the 2020 Notes] in the sense that they render defective the issuer's procedural authority to issue the securities in question." *Id.* at *8-9. Thus, the PDVSA Parties' position that the absence of the National Assembly's authorization rendered the 2020 Notes invalid under the Venezuelan Constitution is the opposite of a "frivolous" argument. The allegations that the PDVSA Parties pursued a "frivolous" legal strategy render the Complaint's fraud allegations inherently implausible—and certainly insufficient to plead the requisite scienter. *See* Mot. 20-23; Reply 6-7.

*Second*, the New York Court of Appeals' decision supports the PDVSA Parties' argument that VR Global's securities claim (Count I) is "predominantly foreign," and so barred under *Morrison*. *See* Mot. 8-13; Reply 1-2; *Parkcentral Global Hub Ltd. v. Porsche Auto Holdings S.E.*, 763 F.3d 198, 215–17 (2d Cir. 2014). The Court held that the 2020 Notes' validity is governed not by New York law, but by "the law of Venezuela," 2024 WL 674251, at *4 (citing UCC § 8-110(a)(1)) and further emphasized that through this "purposeful decision," the law both seeks to protect "'significant policies of the issuer's jurisdiction of incorporation'" (here, Venezuela), and reflects "the prevailing view that the law under which an issuer is organized must govern whether a security issued by that entity is valid," *id.* at *5 (internal citations and quotations omitted). These observations reinforce the PDVSA Parties' arguments that VR Global's allegations are "predominantly foreign"—ones where foreign elements and conduct predominate. *See* Mot. 11-13; Reply 2-3.

The New York Court of Appeals' observation that the Exchange Offer had some New York nexus, *see* 2024 WL 674251, at *3, does not alter the predominantly foreign nature of the allegations. "'[M]inor domestic element[s]' . . . do not overcome 'the nature of an overwhelmingly foreign transaction.'"  *CFTC v. Gorman*, 2023 WL 2632111, at *12 (S.D.N.Y. Mar. 24, 2023) (quoting *Parkcentral*, 763 F.3d at 216); *see also Cavello Bay Reinsurance Ltd. v. Stein*, 2020 WL 1445713, at *8 (S.D.N.Y. Mar. 25, 2020), *aff'd*, 986 F.3d 161 (2d Cir. 2021).  While the Court noted that a New York entity "served as the paying agent, transfer agent, and registrar for the Indenture[,]" and that "the collateral is held in a vault in New York," 2024 WL 674251, at *3, these limited touchpoints—whatever their potential relevance to the choice-of-law analysis—cannot outweigh the predominantly foreign nature of the Exchange Offer or of VR Global's allegations, which require dismissal under *Morrison*. *See* Reply 2-3; *see also* Mot. 10-12.

Respectfully submitted,

s/ *Jeffrey B. Korn*
Jeffrey B. Korn

cc: Counsel of record